**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STATE CORPORATION ) <br> COMMISSION OF THE STATE OF ) <br> KANSAS, ) <br>      **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> DANNY G. LAMBETH, d/b/a TRUCK ) <br> WHOLESALE ) <br> ) <br>      **Defendants.** ) <br> _____) | CIVIL ACTION <br><br> No. 09-2324-KHV |

## MEMORANDUM AND ORDER

On May 20, 2009, the State Corporation Commission of the State of Kansas ("the Commission") issued a Penalty Order, alleging that Danny G. Lambeth committed numerous violations of the Kansas Motor Carrier Safety Rules and prior Commission orders. The Commission served defendant with a Penalty Order and a Notice of Penalty Assessment and advised him of his right to request a hearing before the Commission on these alleged violations. On June 1, 2009, defendant filed a written response which requested a hearing in federal court, before a jury, within ten days of the notice. Defendant informed the Commission that if he did not receive a hearing, he would transfer the case to federal court pursuant to 28 U.S.C. § 1443 and 28 U.S.C. § 1446. On June 16, 2009, defendant filed his Notice of Removal in this Court. See Doc. #1. This matter comes before the Court on the Motion To Remand By The State Corporation Commission Of The State Of Kansas (Doc. #5) filed July 15, 2009.

## Standard For Removal

A civil action is removable only if plaintiff could have originally brought the action in federal court. See 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final

judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Accordingly, the Court must strictly construe the federal removal statute. See Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The Court must resolve any doubts concerning removability in favor of remand. See J.W. Petroleum, Inc. v. R.W. Lange, 787 F.Supp. 975, 977 (D. Kan. 1992).

Defendant must file a notice of removal within 30 days after receiving a copy of the state court petition setting forth the claim for relief upon which the action is based. See 28 U.S.C. § 1446(b). The 30-day time limit is mandatory and a failure to comply with the requirement is a defect in removal which justifies a remand of the case. See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999); see also Farm & City Ins. Co. v. Johnson, 190 F. Supp.2d 1232, 1236 (D. Kan. 2002) (30-day time limit mandatory but not jurisdictional); McCain v. Cahoj, 794 F. Supp. 1061, 1062 (D. Kan. 1992) (30-day time limit mandatory and strictly construed). If the initial petition in state court is not removable, a defendant may file a notice of removal within 30 days after receipt of a copy of the amended petition or other document "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). See

2

O'Bryan v. Chandler, 496 F.2d 403, 409 (10th Cir. 1974) ("there must be both an amended pleading or paper and a ground for asserting removability that exists for the first time").

**Factual And Procedural Background**

In May of 2005, the Kansas Highway Patrol ("KHP") conducted a traffic stop of defendant's vehicle. See Notice Of Removal (Doc. #1) filed June 16, 2009 at 3. The Commission charged defendant with a violation of unspecified agency ordinances. See id. In February of 2006, because defendant refused to submit to a Safety Compliance review, the Commission initiated a show cause proceeding to address defendant's operation of commercial motor vehicles without proper authority from the Commission. Penalty Order at 2, attached as Ex. 1 to Notice Of Removal (Doc. #1). On April 6, 2006, defendant met with a special investigator from the Commission who provided him information on how to comply with Commission regulations. Id. On July 27, 2006, the Commission fined defendant $5,000 for failure to submit to state regulations, but suspended the fine and gave him until August 28, 2006 to comply. Id. at 3.

On September 14, 2006, Commission staff filed a memorandum informing the Commission that defendant refused to make himself and his records available to staff for a compliance review ordered by the Commission. Id. Staff reported that defendant's only communication with them was a telephone conversation and that a compliance review was generated based on defendant's verbal responses. Id. Staff reported that several times during the review, defendant told them that he was no longer in business and that he did not have any drivers or trucks. Id. Staff also reported that they had seen several commercial vehicles in defendant's inventory at his principal place of business. Id. Staff recommended that based on defendant's assertion that he was out of business, the Commission stay the $5,000 fine with the caveat that if the Commission found defendant to be out

3

of compliance, defendant be fined $5,000 per incident and the vehicles be impounded. Id. On October 19, 2006, the Commission issued an order that required defendant to comply with safety regulations. Id. at 4. To that end, the Commission ordered that the maximum fine of $5,000 be assessed per incident, for every day the Commission made a finding of intentional violations. Id.

On or about August 22, 2007, the Kansas Highway Patrol conducted a traffic stop and charged defendant with "misuse of a dealer plate" and "no Kansas Corporation Commission operating authority" in violation of 49 C.F.R. § 392.2. Id. Defendant claims, the District Court of Franklin County, Kansas, dismissed the charges. See Doc. #1 at 3. In a letter dated October 5, 2007, pursuant to the Commission's order of October 19, 2006, the Kansas Director of Transportation directed the Kansas Highway Patrol to impound any commercial motor vehicles operated by defendant in contravention of the Commission's order. Penalty Order at 4. On March 22, 2008, the Kansas Highway Patrol conducted a traffic stop on three of defendant's vehicles. Id. at 4. The Commission charged defendant with "disobeying the Kansas Corporation Commission order" and "no Kansas Corporation Commission operating authority" in violation of 49 C.F.R. § 392.2. Id. The Kansas Highway Patrol impounded the vehicles. The District Court of Miami County, Kansas dismissed the charges. See Order Of Dismisal attached as Ex. 3 to Defendant's Memorandum In Objection To Plaintiff [sic] Motion To Remand By The State Corporation Commission Of The State Of Kansas (Doc. #7) filed July 22, 2009.

On February 18, 2009, the Kansas Highway Patrol conducted a traffic stop of another of defendant's motor vehicles. Penalty Order at 5. Following the stop, it impounded defendant's vehicles and the Commission charged defendant with multiple violations in accordance with its

4

order of October 19, 2006. Id. On March 27, 2009, the Kansas Highway Patrol conducted another traffic stop which caused the Commission to charge defendant with multiple violations. In its penalty order of May 20, 2009, the Commission fined defendant $25,000.00 for violations of Kansas motor carrier laws and Federal Motor Carrier Safety Regulations, as adopted by the Kansas Administrative Regulations and Commission orders. Id. at 9. On June 1, 2009, defendant requested a hearing in federal court. On June 16, 2009, defendant filed a notice of removal in this Court. See Doc. #1.

## **Analysis**

The Commission argues that defendant has not established grounds for removal. Specifically, it argues that this matter is a state administrative proceeding and not a state court proceeding which is removable under 28 U.S.C. § 1441. Defendant responds that the Court has subject matter jurisdiction arising under the Federal Motor Carrier code pursuant to 28 U.S.C. § 1441(a). Defendant argues that he is a truck dealer and therefore exempt from Commission authority under K.S.A. §§ 66-1, 109(r). Defendant also argues that this Court has subject matter jurisdiction because the Commission has conducted an unconstitutional taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

Generally, a party to a state administrative proceeding cannot remove the proceeding to federal court. See Ex parte State Of Oklahoma, 37 F.2d 862, 864 (10th Cir. 1930); see also Cary v. Corp. Com'n of Okla., 17 F. Supp. 772 (W.D. Okla. 1936), Borough of Olyphant v. Penn. Power & Light Co., 269 F. Supp.2d 601 (M.D. Pa. 2003) (state public utilities commission not "state court" and proceeding at issue could not be removed to federal court), Bellsouth Telecomm., Inc. v. Vartec

5

Telecom, Inc., 185 F. Supp.2d 1280 (N.D. Fla. 2002) (state public service commission not "state court" for purposes of removal), Southaven Kawasaki-Yamaha v. Yamaha Motor Corp., 128 F. Supp.2d 975 (S.D. Miss. 2000) (state motor vehicle commission not "state court" from which motorcycle manufacturer's alleged violation could be properly removed).

Defendant seeks to remove an enforcement proceeding pending before a state agency in which the Commission alleges violations of Kansas motor carrier regulations. Defendant has not alleged that these proceedings involve a right to relief under state law which requires resolution of a substantial question of federal law. Nor has defendant established diversity jurisdiction under 28 U.S.C. § 1332(a).

**IT IS THEREFORE ORDERED** that the Motion To Remand By The State Corporation Commission Of The State Of Kansas (Doc. #5) filed July 15, 2009 be and hereby is **SUSTAINED**. The case is hereby remanded to the State Corporation Commission of the State of Kansas for further proceedings.

Dated this 13th day of October, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court